JOHN S. KEDROVSKY ET ALS. *vs.* STEPHAN BURDIKOFF.

Third Judicial District, Bridgeport, April Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued April 12th—decided June 13th, 1929.

*Albert H. Barclay,* for the appellants (plaintiffs).

*George E. Beers* and *Denis T. O'Brien, Jr.,* and, on the brief, *William L. Beers,* for the appellee (defendant).

MALTBIE, J.   The appellants filed in the trial court a document entitled "Application and Motion for Correction of Finding" which we shall hereafter refer to as a motion to correct the finding.   This document begins with a general request to the court to correct and rectify certain paragraphs of the finding and then follow a number of paragraphs falling into three general classes; in the first, a few very minor corrections in the finding are sought; in the second, a request is made that certain exhibits may be made a part of the finding without printing, the purpose being to make clear certain rulings on evidence stated in it; and in the third, the appellants "except to the refusal of the court to find as requested" in certain paragraphs of their draft-finding or "except" to certain paragraphs of the finding as made, in each instance requesting that "the following evidence, which they claim is material, may be certified by the court, as appears by Exhibit A [or other exhibit as the case may be] hereto annexed," and in certain instances adding a further request that certain exhibits offered on the trial be made a part of the record.   No question now arises as to those paragraphs of the motion falling within the first class, and those falling within the second class were granted by the trial judge.   He

denied, however, the paragraphs of the motion falling within the third class, upon certain grounds only one of which we need consider, that the motion did not accord with our practice for securing corrections of the finding and would impose an undue burden upon him. The appellants thereupon filed in this court an application for an order directing him to certify the evidence presented with their motion.

An examination of the exhibits of evidence referred to in the various paragraphs of the motion discloses that the course pursued by the appellants was to file with the motion about one hundred pages of testimony, largely consisting of excerpts having to do with the admission of exhibits, and the exhibits of evidence referred to in the various paragraphs of the motion simply consist of references to portions of this transcript by page and line, some of the exhibits containing a number of such references, in one instance some fifteen or more. The procedure adopted by the appellants was, of course, at variance with that established by our statutes and rules, which contemplate in a case tried to the court a motion to correct in which the desired changes are requested and if the appellant wishes to lay the foundation for presenting the matter to this court an exception to the failure of the court to grant any particular change requested, accompanied by a transcript of the evidence bearing upon it. General Statutes, § 830; Practice Book, p. 309, § 11. In this case the departure from correct practice went far beyond mere technicality. In so far as the trial judge was concerned, a proper consideration of the evidence claimed to bear upon any particular exception required him to cull out from the one hundred pages of transcript the particular portions relied upon, instead of having them before him in concrete form. Even more important, the certification

of the transcript of evidence as filed would furnish this court with no means to review the action of the trial judge in denying the motion, because upon its printing in the record the references in the exhibits of evidence annexed to the motion would be meaningless, as page and line would not correspond at all with those designated in them. They could be made available only if, with no small labor, the trial court prepared proper exceptions in place of those filed or devised some means of designating the particular portions of the testimony intended. The ruling of the trial judge in refusing to certify the evidence was correct and the application to this court to direct him to do so is denied.

The action is one brought by the plaintiff Kedrovsky, claiming to be the duly appointed delegate of the Holy Synod of the Russian Orthodox Greek Catholic Church and Archbishop of the Diocese of North America and the Aleutian Islands, and by certain officers and members of a church of that denomination in Meriden against the defendant, who has been serving as priest of the church in Meriden, alleging that the defendant had been duly suspended and later duly removed as such priest, and seeking an injunction restraining him from longer acting as such priest or interfering in any way with the property or conduct of the church. No question is made of the fact that the defendant was duly appointed and for some five years has served as priest of the church in Meriden and the plaintiffs could only prevail by proving their allegations as to his due suspension and removal. The plaintiff Kedrovsky, purporting to act as Archbishop of the Church in America, did make an order suspending him and later an order removing him as such priest. These orders were without trial by the church authorities and were summary in their nature. The

defendant claimed that the plaintiff Kedrovsky was not the duly appointed delegate of the Holy Synod of the Russian Orthodox Catholic Church and Archbishop of that church in America and also that, even if he was, he had no right summarily to suspend or remove the defendant as priest of the church in Meriden. Whatever might be the conclusion upon the first of these issues, unless the plaintiffs can prevail upon the second they are not entitled to recover.

The trial court has found that it was not shown in evidence that a lawful Archbishop of the church had any power of summary suspension of a priest and states as a conclusion that an Archbishop has no summary power of suspension or removal. As already pointed out, the record does not afford any means by which the finding could be corrected so as to sustain the contention of the plaintiffs in this regard. None of the many rulings upon the trial which the appellants bring before us for review bears upon this issue. The conclusion of the trial court is not therefore open to question. As it is determinative of the case there is no need to consider the other questions presented by the appeal.

There is no error.

In this opinion the other judges concurred.